CLERK'S OFFICE U.S. DISTRICT COURT AT
ROANOKE, VA
FILED
1/22/2025
LAURA A. AUSTIN, CLERK
BY: s/C. Kemp
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| FINANCIAL PACIFIC LEASING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:24-cv-00129 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SMOOVE AND EASY DELIVERY | ) | By:   Hon. Thomas T. Cullen |
| COMPANY LLC, *ET AL*., | ) |        United States District Judge |
| | ) | |
| Defendants. | ) | |

Plaintiff Financial Pacific Leasing, Inc. ("Financial Pacific") brought this action against Smoove and Easy Delivery Company LLC ("Smoove"), Fred Fenner ("Fred"), Joslyn Perry ("Perry"), Zachary Carr ("Carr"), Devine Fenner ("Devine"), Sa'Quan Fenner ("Sa'Quan"), and Davida Fenner ("Davida") (collectively "Defendants") for breach of an equipment finance agreement (the "Agreement"). Defendants failed to appear in this matter or otherwise respond to Financial Pacific's claims. Accordingly, Financial Pacific moved for entry of default, which the clerk granted. (*See* ECF Nos. 13, 16.) The matter is now before the court on Financial Pacific's motion for default judgment.[1] (Mot. Default J. [ECF No. 20].) For the reasons discussed below, the court will grant that motion.

---

[1] On April 18, 2024, Financial Pacific filed a Suggestion of Bankruptcy as to Carr. Thereafter, in accordance with 11 U.S.C. § 362(a)(1), the court stayed the proceedings as to Carr. That stay does not extend to the remaining defendants. *See Credit All. Corp. v. Williams*, 851 F.2d 119, 121 (4th Cir. 1988) ("Congress knew how to extend the automatic stay to non-bankrupt parties when it intended to do so. . . . A reading of § 362 restricting a creditor's ability to proceed against its guarantor would eliminate the protection of assured creditors contemplated by the Bankruptcy Code."); *CresCom Bank v. Terry*, 499 B.R. 494, 496 (D.S.C. 2013) (noting that the "automatic stay provision [found at 11 U.S.C. 362(a)] applies to judicial proceedings and enforcement of judgments against only the debtor, not third[-]party defendants or co-defendants"). Further, on May 15, 2024, before any defendant had filed an answer or any motion, Financial Pacific voluntarily dismissed its claims

## I. BACKGROUND

On April 7, 2022, Smoove and Financial Pacific entered into the Agreement, under which Financial Pacific agreed to finance Smoove's purchase of a 2017 Freightliner Box Truck (the "Equipment"). (Compl. ¶ 11 [ECF No. 1]; *see* Compl., Ex. A (hereinafter "Agreement") at 1, 7 [ECF No. 4].) In exchange, Smoove agreed to pay Financial Pacific $1,938.13 per month for 60 months, for a total of $116,287.80. (Agreement at 1.) Smoove also agreed to pay a 10% late fee for any late payments, "an additional late fee . . . for each month a payment remains unpaid," and 1.5% interest per month on all past due amounts. (*Id.* at 2.) Financial Pacific received a security interest in the Equipment as collateral and the right to exercise certain remedies in the event of a default by Smoove. (*Id.* at 1, 2.) Specifically, upon default, Financial Pacific could require Smoove to immediately pay all future amounts that it owed under the Agreement. (*Id.* at 2.) Under the Agreement, Financial Pacific is also entitled to recover attorneys' fees and costs from Smoove. (*Id.*) Finally, Financial Pacific required Fred, Perry, Davida, Sa'Quan, Devine, and Carr (collectively, "Guarantors") to guarantee Smoove's payment. (*Id.* at 1, 3–5.) Guarantors each agreed to assume joint and several liability for all amounts due to Financial Pacific from Smoove under the Agreement, including costs and attorneys' fees. (*Id.*)

Between April 2022 and September 2023, Smoove made 21 payments to Financial Pacific, totaling $33,402.70. (ECF No. 29-1 at 13.) Of that, $31,100.74 went toward paying off the principal balance under the Agreement. (*Id.*) The remainder went toward paying late

---

against Sa'Quan without prejudice under Federal Rule of Civil Procedure 41(a)(1). (*See* ECF No. 15.) Consequently, Financial Pacific does not seek default judgment against Carr or Sa'Quan.

charges, insurance costs, and other fees. (*Id.* at 13, 18–32.) But then Smoove stopped making its payments under the Agreement. (Compl. ¶ 16.) Though they had guaranteed Smoove's payments, none of the Guarantors made any payments on Smoove's behalf. (*Id.* ¶ 17.) By January 29, 2024, the date of the last invoice before Financial Pacific filed suit, Smoove had accrued $2,802.10 in unpaid late fees. (ECF No. 29-1 at 41.) Smoove also incurred charges for returned check fees, totaling $70. (*Id.* at 28, 33.)

On February 19, 2024, Financial Pacific exercised its right under the Agreement to accelerate all payments based on Smoove's default by filing suit in this court. (*See* Agreement at 2; *see generally* Compl.) The Complaint asserts one claim against each defendant for breach of contract. (*Id.*)[2] The Complaint requests $96,441.80 in damages from Defendants, plus "such other and further relief as this cause may require." (Compl. ¶¶ A–B.) Except for Sa'Quan, who has since been dismissed from this case (ECF No. 16), Defendants were served between February 29, 2024, and March 25, 2024 (ECF No. 12). Their responsive pleadings were due between March 21, 2024, and April 15, 2024, depending on their respective dates of service, *see* Fed. R. Civ. P. 12(a)(1)(A)(i). No defendant filed a responsive pleading by the applicable date, and none has responded to the Complaint in any manner since then.

On June 4, 2024, Financial Pacific moved for entry of default against Defendants, which the clerk granted the next day. (ECF Nos. 17–19.) On August 2, 2024, Financial Pacific filed the instant motion for default judgment against Smoove, Fred, Perry, Davida, and

---

[2] The court has jurisdiction under 28 U.S.C. § 1332 because Financial Pacific is a citizen of the State of Washington and Defendants are all citizens of Virginia, meaning there is complete diversity of citizenship between the parties, and because the amount in controversy exceeds the statutory requirement. (Compl. ¶ 1–9; *id.* at 12.)

Devine. (Mot. Default J.) In that motion, Financial Pacific requested that the court award it damages in the amount of $97,702.36, plus interest, and $11,804.04 in attorneys' fees and costs. (*Id.* at 4.)

The default-judgment motion did not, however, provide the court with sufficient information and admissible evidence to independently substantiate the claimed damages, fees, and costs. Consequently, on October 2, the court ordered Financial Pacific to submit supplemental evidence, consisting of authentic and otherwise admissible business records, that contained enough detail for the court to verify the appropriate judgment amount in this matter. (Order, Oct. 2, 2024 [ECF No. 23].) The court again ordered Financial Pacific to submit information clarifying its calculation of damages on December 17. (Order, Dec. 17, 2024 [ECF No. 30].)

Financial Pacific complied with both of the court's orders and submitted supplemental briefing with supporting evidence on December 2, 2024, and January 3, 2025. (*See generally* Suppl. Br. [ECF No. 29]; Second Suppl. Br. [ECF No. 31].) In its second supplemental filing, Financial Pacific amended its damages request to consist of $85,187.06 due from the principal balance, $2,802.10 in late fees, and $11,063.00 in attorneys' fees and costs. (Second Suppl. Br. at 3.)[3]

---

[3] The second supplemental filing concludes by stating that "Financial Pacific requests this Court award it damages in the amount of $99,052.16." (Second Suppl. Br. at 3.) That amount is equal to the total of the requested amounts for the principal balance, late fees, and attorneys' fees and costs. Accordingly, the court understands this filing as abandoning Financial Pacific's request in the first supplemental brief and original default-judgment motion for an additional award of $70 in miscellaneous returned-check fees. (*See* Suppl. Br. at 6; Decl. Shelley Williams ¶ 22 [ECF No. 21].)

## II.  STANDARD OF REVIEW

The Fourth Circuit has "repeatedly expressed a strong preference that . . . claims . . . be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010); *see also United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) ("[T]he clear policy of the Rules is to encourage dispositions of claims on their merits . . . ."). But when a "properly served defendant . . . fails to plead or otherwise defend against the allegations in [a] complaint," the court is authorized to enter default judgment against that defendant under Federal Rule of Civil Procedure 55(b)(2). *Reynolds Innovations, Inc. v. E-CigaretteDirect, LLC*, 851 F. Supp. 2d 961, 962 (M.D.N.C. 2012). "To obtain a default judgment, a party must first seek an entry of default under Federal Rule of Civil Procedure 55(a)." *Pelyn Tr. v. Fair Exch. Tr.*, No. 3:08-cv-287, 2009 WL 2912521, at *1 (W.D.N.C. Sept. 3, 2009) (internal quotation omitted). After the clerk enters default, the court must determine if the complaint sets forth a legitimate cause of action, accepting the well-pleaded allegations of fact as true. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Claims for damages, however, are not simply accepted as true. *See Lopez v. XTEL Constr. Grp., LLC*, Civ. No. PWG-08-1579, 2011 WL 6330053, at *4 (D. Md. Dec. 16, 2011). Instead, the plaintiff must establish its damages by way of an evidentiary hearing or submitting supporting evidence to the court. *Id.* (collecting cases). At bottom, the award of a default judgment is subject to the district court's discretion; it is not a matter of right. *See, e.g.*, *Leighton v. Homesite Ins. Co. of the Midwest*, 580 F.Supp.3d 330, 332 (E.D. Va. 2022).

## III. ANALYSIS

### A. Liability

Default judgment is appropriate on Financial Pacific's breach-of-contract claims against each defendant. Before awarding default judgment, the court must ensure that Financial Pacific has stated a legitimate claim for relief—accepting as true the well-pleaded factual allegations in the Complaint—because the clerk's entry of default does not establish liability. *See Ryan*, 253 F.3d at 780; *see also* 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2688.1 (4th ed. 2023) ("Liability is not deemed established simply because of the default . . . .").

First, the court must determine what law applies to Financial Pacific's breach-of-contract claims. Because this is a diversity action, the court applies the choice-of-law rules of the state in which it sits—Virginia. *See Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 623–24 (4th Cir. 1999) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941)). For a breach of contract, absent unusual circumstances not present here, Virginia law gives effect to the choice-of-law clause in the relevant contract. *Id.* at 624. The Agreement unambiguously states that it is "governed by the laws of the State of Washington . . . ." (Agreement at 2.) Therefore, Washington law applies.

"To prevail on a breach of contract claim under Washington law, a plaintiff must establish (1) the existence of a contractual duty, (2) defendant's breach of that duty, and that (3) defendant's breach of that duty caused damages to the plaintiff whom the duty is owed." *Jet Parts Eng'g, Inc. v. Quest Aviation Supply, Inc.*, No. C15-0530, 2017 WL 1093205, at *2 (W.D. Wash. Mar. 23, 2017). All three elements are satisfied in this case. First, the Agreement creates

a valid contractual duty for Smoove to make 60 payments of $1,938.13 each to Financial Pacific, and to pay Financial Pacific any associated costs and fees. (Agreement at 1–2.) The guarantees created a contractual duty for the remaining defendants to make those payments in Smoove's place if Smoove failed to do so. (*Id.* at 1, 3–5.) Second, Defendants all breached their respective duties by failing to stay current on payments to Financial Pacific. (Compl. ¶¶ 16–17.) Finally, Financial Pacific suffered an injury from Defendants' breaches because it did not receive the money to which it was legally entitled. (*Id.* ¶ 18.) Accordingly, the Complaint states a claim for breach of contract against each defendant.

Though there is a strong preference that claims be resolved on the merits, courts can enter default judgment when a defendant fails to plead or otherwise defend an action. *See Moradi*, 673 F.2d at 727. The requirements for a default judgment are satisfied in this case because all defendants against whom Financial Pacific seeks a default judgment were properly served but have not appeared or otherwise defended against this lawsuit, the clerk entered default, and the Complaint states a claim for relief. *See Ryan*, 253 F.3d at 780. Therefore, the court will grant Financial Pacific's motion for default judgment.

### B. Damages

Next, the court must determine the damages that Financial Pacific is entitled to recover. *See Lopez*, 2011 WL 6330053, at *4. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). In its Complaint, Financial Pacific requests "an amount greater than $96,441.80 for the recovery of all sums due and owing to Financial Pacific," and "such other and further relief as this cause may require." (Compl. ¶¶ A–B.) Following the court's request for clarification, Financial Pacific amended its

request for damages in its second supplemental filing to consist of (1) "[t]he principal balance due on the Agreement in the amount of $85,187.06," (2) "late fees incurred in the amount of $2,802.10," (3) attorneys' fees and costs in the amount of $11,063.00," and (4) other relief as "necessary and appropriate." (Second Suppl. Br. at 3–4.) The court construes the request for "other relief" as a request for post-judgment interest, which is mandatory under federal law. *See Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1031 (4th Cir. 1993) (en banc) (citing 28 U.S.C. § 1961).

First, Financial Pacific requests $85,187.06 as the remaining balance under the Agreement. Financial Pacific arrives at this amount by subtracting the amount of the payments Financial Pacific made toward the balance under the Agreement—$31,100.74—from the original amount due—$116,287.80. (Second Suppl. Br. at 3.) Financial Pacific provided a detailed payment history and a collection specialist's sworn affidavit to substantiate these damages. That evidence shows that Smoove originally owed $116,287.80 under the Agreement (Agreement at 1) and made 21 payments between April 2022 and September 2023, of which $31,100.74 went toward paying off the balance under the Agreement. (*See* ECF No. 29-1 at 13, 18–32.) Accordingly, Financial Pacific has submitted sufficient evidence to show that, when the last payment was made, a balance of $85,187.06 remained. Therefore, the court will award Financial Pacific damages equal to the remaining balance under the Agreement—$85,187.06.

Next, Financial Pacific requests late fees in the amount of $2,802.10, and it provided an admissible business record—an invoice—substantiating that request. (*See* Second Suppl. Br. at 2; ECF No. 29-1 at 41.) The court will also grant that request.

Third, Financial Pacific requests attorneys' fees and costs of $11,063.00. The Agreement is unambiguous that Defendants are responsible for attorneys' fees and costs if Financial Pacific has to sue to enforce the Agreement. (Agreement at 2); *see also* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party."). Accompanying its first supplemental filing, Financial Pacific provided admissible timesheets substantiating $6,839.50 in fees and costs. (ECF No. 29-2 at 19–30.) When it submitted the second supplemental filing, Financial Pacific supplemented those timesheets with two additional timesheets, totaling $4,223.50, that it had erroneously omitted from the first submission. (Second Suppl. Br., Ex 1 at 6–10.) Financial Pacific also submitted the Maryland District Court's "Rules and Guidelines for Determining Attorneys' Fees in Certain Cases." (ECF No. 29-3.) Financial Pacific's counsel's firm is located in Maryland.

The reasonableness of attorneys' fees must be determined relative to "the prevailing market rate of attorneys' fees in the relevant community where the district court sits," *see Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 244 (4th Cir. 2009)—the Western District of Virginia, not Maryland—so the District of Maryland rule is of limited relevance to the court. But the court nonetheless concludes, based on its experience, that the rates of the attorneys who worked on this case—which vary based on their respective years of experience—are reasonable rates in this geographic area. *See Robinson*, 560 F.3d at 244. Accordingly, the court will award attorneys' fees and costs in the amount of $11,063.00.

Finally, the court must award post-judgment interest, as "federal law mandates the awarding of post-judgment interest." *Quesinberry*, 987 F.2d at 1031 (citing 28 U.S.C. § 1961);

*see also Contitech USA, Inc. v. McLaughlin Freight Servs., Inc.*, 91 F.4th 908, 915 (8th Cir. 2024) (stating that post-judgment interest is mandatory even when it is not requested). In a diversity action, the post-judgment interest rate is set by federal law. *See Vandevender v. Blue Ridge of Raleigh, LLC*, 756 F. App'x 230, 233 (4th Cir. 2018). Accordingly, Financial Pacific is entitled to post-judgment interest as calculated under 28 U.S.C. § 1961. *See, e.g.*, *ExxonMobil Oil Corp. v. Black Stone Petroleum Inc.*, 221 F. Supp. 3d 755, 769 (E.D. Va. 2016).

### IV. CONCLUSION

For these reasons, Financial Pacific's motion for default judgment (ECF No. 20) will be granted. Financial Pacific is entitled to damages in the amount of $99,052.16—consisting of $85,187.06 of principal balance due under the Agreement, $2,802.10 in late fees, and $11,063.00 in attorneys' costs and fees—plus post-judgment interest as calculated under 28 U.S.C. § 1961 from the date of judgment until the judgment is satisfied. This award is joint and several among Smoove, Fred, Perry, Davida, and Devine.

The clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to the parties and all counsel of record.

**ENTERED** this 22nd day of January, 2025.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE